DISTRICT OF COLUMBIA JOINT VENTURE AGREEMENT

May 18, 1971

Dear Member:

    At your request to participate in this venture, you are advised that the undersigned, Dr. Laszlo N. Tauber, plans to have erected an office building complex containing approximately 500,000 square feet of rentable space on approximately 115,000 square feet of land area in the District of Columbia. Participation in this joint venture will be under the following conditions:

    1. The name of this venture will be known as the "District of Columbia Joint Venture."

    2. The purpose will be to develop the land in the best profitable manner, as may be determined by Dr. Tauber.

    3. Title to the property will be held in the name of LNT Corporation, or in the name of Dr. Tauber as Trustee for all persons who come into the venture, or in the name of the District of Columbia Joint Venture. Dr. Tauber will acknowledge the fact that you will be a beneficial owner to the extent of your participating interest, as a Tenant in Common.

    4. This venture will be limited to this particular project.

- 1 -

5. Dr. Tauber will be in charge of all construction activities, leasing, mortgaging and selling and other dealings with such land and proposed construction, if any. Dr. Tauber shall have the right to buy any equipment on a conditional bill of sale and shall have the further right to sign any and all documents in connection with this venture. You will have no voice in the construction or management as you will be an investor only.

6. The cost per unit is as follows:

| | |
|---|---|
| 1% land | $25,000.00 |
| ½% building | 15,000.00 |
| TOTAL | $40,000.00 |

The reason for the above cost breakdown is that Dr. Tauber may decide to contribute the land to a charitable organization for the purposes of obtaining a charitable contribution deduction for members of the joint venture and the land ownership shall determine you charitable deduction. Whether the land is held and owned permanently by the joint venture or contributed to a charitable organization, all distributions of capital, income, loss, capital gains or capital losses or any additional cash capital required from each member shall be based upon ownership in the building.

However, in the event that we are unable to donate the land, the method we will use to compensate the members will be as follows.

The joint venture will pay to the land owners (beginning the year following the completion of the building) a total of $200,000 a year as an interest expense of the joint venture, based on 8% of $2,500,000. The Westwood Management Corporation has a 5% management fee with the District of Columbia Joint Venture. This 5% management fee would be reduced to 2½% in order to cover approximately 50% of the $200,000 interest expense. This reduction in the management fee will be in effect as long as the joint venture owns the land. If the land is donated or sold, then the 5% management fee will be reinstated.

In the event of the sale of the building at a time when the joint venture is still the owner of the land, the first $1,250,000 of the sale will be distributed to the land owners. For instance, if we receive $5,000,000 above the existing mortgage at any time, then $1,250,000 will be disbursed according to the land ownership and $3,750,000 will be disbursed according to the building ownership.

7. All funds of the joint venture shall be deposited in a bank or banks selected by Dr. Tauber. Said bank accounts will be opened and maintained in the name of "District of Columbia Joint Venture." Checks drawn on said account will be signed by Dr. Tauber. It is agreed that he shall not be required to furnish any evidence of his authority to open such account or accounts and to withdraw funds therefrom upon checks drawn and

executed in the manner aforesaid, other than the delivery to such banks or banks of an executed or photostatic copy of this letter of agreement. Said funds shall, however, be used only for the proper purposes of this joint venture.

8. Dr. Tauber will keep proper records of all construction activities in regard to the joint venture and will obtain and keep properly posted books of account relating to the business of the joint venture. Said records and books of account, as well as any and all bank accounts, checks, etc., of the venture will be kept available for your inspection at all reasonable times. Said records, books of account, construction contracts, mortgage commitments, etc., will be kept by Dr. Tauber in his office. He will select a reputable Certified Public Accountant to set up proper books of account and to periodically audit the same, and prepare income tax returns. Copies of the audit reports and tax returns will be required to be used for each individual's share of the income for his own individual tax return. All costs involved shall be a joint venture expense.

9. It is understood by Dr. Tauber in the development of the land required, the construction activities, if any, and the obtaining of construction money and permanent mortgages required by the joint venture, that Dr. Tauber will be in charge of such activities and all decisions relating to such activities shall be made by him.

10. No purchaser of property from Dr. Tauber, nor any

- 4 -

lender of money upon the security of any of the joint venture assets, shall be required to see to his authority to make a conveyance or obtain a loan upon the security of the property, or to see to his application of any purchase money or money loaned." Each purchaser or lender shall be entitled to deal with him with respect to said property to all intents and purposes as though he was the actual owner thereof.

    11.  If you ever wish to sell your interest in the venture, you must first obtain Dr. Tauber's written approval. The District of Columbia Joint Venture, by Dr. Tauber, shall have the first right to purchase your interest if you desire to sell by meeting any bona fide offer that you may obtain from other parties. You must submit your bona fide offer to Dr. Tauber together with the related documents and Dr. Tauber shall have 15 days in which to exercise the right of the joint venture to purchase your interest. If Dr. Tauber fails to exercise the right to buy for the joint venture, you shall be free to sell your interest. Any owner who wishes to assign his interest will also be required to obtain Dr. Tauber's written approval to convey his interest, which approval will not be unreasonably withheld. You shall have the right to bequeath your interest by your Will. Any subsequest owner, however obtained, shall be subject to this agreement.

    12.  Any major decision necessary or desirable in carrying out this joint venture, and for the determination of which no

provision is herein made, shall be made by Dr. Tauber.

13. Your ownership interest shall be __0.5__ % in the land and __0.25__ % in the building.

14. Rental and management of such office space building complex shall be by Dr. Tauber or his assigns at a real estate rental fee of fice (5%) per cent of rental collections (regardless of any outside real estate agent or broker) for a period of twenty (20) years, which contract with Dr. Tauber shall be executed at the proper time wherever applicable.

15. The parties agree not to enter into any court action in any dispute which may arise during construction and management of the office building complex and agree that any dispute or controversy that cannot be amicably settled will be submitted to arbitration; each party to select and pay for one arbitrator, and if the arbitrators cannot agree, the arbitrators are to select a third arbitrator at the cost of both parties whose decision shall be final. The parties agree to abide by the decision of the arbitrators. It is agreed that the rights of the Trustee to act under the agreement shall not in anywise be affected or modified during the period of time that a dispute may be considered during arbitration.

16. In the event of the incapacity of Dr. Tauber, then in that event, Francis S. Carnes, Sr., Dr. Francis F. Foldes, Dr. Charles A. Hufnagel, Bernard Krakow and Andrew Nadas shall be the successor trustees (although Dr. Tauber shall retain the right to

substitute these successor Trustees), and said Trustees, or the successors to them, shall have the right to act by a majority vote as Trustee hereunder, with all rights and powers as specified herein for Dr. Tauber.

17. The original cost for your __½__ unit interest in the venture is $__12,500.00__ for the land, and $__7,500.00__ for the building.

18. The net rental income will be distributed monthly after payment of reserves for real estate taxes, insurance, reserves for replacement of assets, and any other reserves that may be required under the circumstances, all within the discretion of Dr. Tauber.

If you agree with the above, please signify your acceptance by signing this letter where your name is indicated below and please have your signature witnessed and dated. After this has been done, please return this letter to me for my signature, and after I have signed, I will send you a copy for your files.

Payment of your __0.5__ % in the land, and __0.25__ % in the building will be determined by Dr. Tauber at some time in the future; however, if you wish to participate in this venture you will be required to pay a non-refundable amount based on $500 for each 1% land and ½% building. Please make checks payable to Laszlo N. Tauber, M. D., Trustee for District of Columbia Joint Venture.

- 7 -

With kindest personal regards, and hoping that this venture will be highly successful, I am

Very truly yours,

DISTRICT OF COLUMBIA

By *Laszlo N. Tauber*
Laszlo N. Tauber, M.D.
Trustee

ACCEPTED AND APPROVED BY:

*Egon Weiss*
MEMBER

_____
WITNESS TO ABOVE SIGNATURE

DATED: _____

- 8 -