## CONSENT TO AMENDMENT
## ADOPTED WITHOUT A MEETING

Pursuant to Article 9.13 of the LNT&A Master LLC Operating Agreement, Westwood Management, LLC, the Manager of the LNT&A Master LLC, hereby consents to the Fourth Amendment which substitutes a new section 9.8 for the prior section 9.8. A copy of the Fourth Amendment is attached hereto. This Consent and Amendment is also authorized pursuant to section 5.6 which grants to the Managing Member a power of attorney to amend the Articles of Organization.

**WESTWOOD MANAGEMENT, LLC**

By: _John C. Droke_          Date: _March 3, 2006_
    John C. Droke
    Manager

**FOURTH AMENDMENT**
**TO**
**OPERATING AGREEMENT**
**OF LNT&A MASTER, LLC**
**ADOPTED BY CONSENT**

The Operating Agreement of the LNT&A Master LLC, a Maryland limited liability company; as amended, is hereby amended by consent of those holding more than 75 percent of the interests in the LLC entitled to vote, to replace section 9.8, entitled "Jurisdiction and Venue," with a new section 9.8 to read as provided in Exhibit A to this Amendment. The Amendment to the Operating Agreement of the LLC is authorized by section 5.2.3 of the Operating Agreement.

IN WITNESS WHEREOF, the undersigned, owners of more than 75 percent of the interests of the LLC entitled to vote have executed this amendment to the LLC Operating Agreement.

This Fourth Amendment shall be effective as of the 3rd day of March, 2006.

ANNUITY TRUST III CREATED FOR THE
BENEFIT OF DIANE TAUBER AND THE
LASZLO N. TAUBER FAMILY FOUNDATION, INC.

BY:

_____
Alfred I. Tauber, As Trustee


_____
Ingrid D. Tauber, As Trustee

_____
Alfred I. Tauber, Individually


_____
Ingrid D. Tauber, Individually

REVOCABLE TRUST OF LASZLO N. TAUBER
AS AMENDED AND COMPLETELY RESTATED
ON OCTOBER 25, 2001

BY:

_Alfred I Tauber_
Alfred I. Tauber, Trustee

_____

Ingrid D. Tauber, Trustee

101230998.1

-2-

**FOURTH AMENDMENT**
**TO**
**OPERATING AGREEMENT**
**OF LNT&A MASTER, LLC**
**ADOPTED BY CONSENT**

The Operating Agreement of the LNT&A Master LLC, a Maryland limited liability company; as amended, is hereby amended by consent of those holding more than 75 percent of the interests in the LLC entitled to vote, to replace section 9.8, entitled "Jurisdiction and Venue," with a new section 9.8 to read as provided in Exhibit A to this Amendment. The Amendment to the Operating Agreement of the LLC is authorized by section 5.2.3 of the Operating Agreement.

IN WITNESS WHEREOF, the undersigned, owners of more than 75 percent of the interests of the LLC entitled to vote have executed this amendment to the LLC Operating Agreement.

This Fourth Amendment shall be effective as of the 3rd day of March, 2006.

ANNUITY TRUST III CREATED FOR THE
BENEFIT OF DIANE TAUBER AND THE
LASZLO N. TAUBER FAMILY FOUNDATION, INC.

BY:

_____
Alfred I. Tauber, As Trustee

_____
Ingrid D. Tauber, As Trustee

_____
Alfred I. Tauber, Individually

_____
Ingrid D. Tauber, Individually

REVOCABLE TRUST OF LASZLO N. TAUBER
AS AMENDED AND COMPLETELY RESTATED
ON OCTOBER 25, 2001

BY:

_____
Alfred I. Tauber, Trustee

_Ingrid D. Tauber_
_____
Ingrid D. Tauber, Trustee

101230998.1

-2-

March 3, 2006

Section 9.8    Arbitration

(a)    Any dispute, controversy or claim arising out of or relating to this Agreement including, but not limited to:  (i) any claim for payment of a greater share of the income, profits, or proceeds of the LLC; (ii) any claim relating to payment of a greater share of the income, profits, or proceeds of the predecessors of the LLC whose assets and liabilities were acquired by the LLC, including Laszlo N. Tauber Md. & Associates, and/or its predecessor joint ventures; (iii) the interpretation of the LLC Agreement or the agreement of the parties to the LLC agreement or to the respective agreements of its predecessors; (iv) the breach, termination or validity thereof; or (v) any dispute as to whether any claim is barred by the applicable statute of limitations ("Dispute"), shall be finally settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then in effect (the "Rules").  The place of arbitration shall be Rockville, Maryland, or such other place as both parties agree in writing.

(b)    There shall be two parties to each arbitration unless an additional party is indispensable in order for a party to obtain complete relief. Notwithstanding the foregoing, the fact that multiple claimants have similar claims will not be a basis for including or joining such claimants in a single  arbitration. No arbitration of any Dispute may be consolidated with any other arbitration  of any other Dispute except with the written agreement of all parties thereto.  Nor shall any Dispute be adjudicated as a class action or consolidated class proceeding either in an arbitration or in any other forum.

    (c)    There shall be three neutral and impartial arbitrators, of whom each party to the arbitration shall appoint one within thirty (30) days of the receipt by the respondent of a copy of the demand for arbitration. The two arbitrators so appointed shall select the chair of the arbitral tribunal within thirty (30) days of the appointment of the second arbitrator. If any arbitrator is not appointed within the time limit provided herein, such arbitrator shall be appointed by the AAA in accordance with the listing, striking and ranking procedure in the Rules. Any arbitrator appointed by the AAA shall be a retired judge or a practicing attorney with no less than fifteen years of experience with large commercial cases and an experienced arbitrator. No arbitrator who has served in any arbitration hereunder, regardless of whether such arbitration resulted in any award or other final decision, shall serve as an arbitrator in any subsequent arbitration hereunder without the written consent of both parties to such subsequent arbitration.

    (d)    There shall be no depositions and, consistent with the expedited nature of arbitration, discovery shall be limited to documents directly relevant to the issues in the Dispute.

    (e)    In deciding any Dispute, including any statute of limitations issue, the arbitral tribunal shall be required to follow the laws of the State of Maryland. Any arbitration proceedings, decision or award rendered hereunder, and the validity, effect and interpretation of this Agreement to arbitrate shall be governed by the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. In addition to damages, the arbitral tribunal may award any remedy provided for under applicable law and the terms of this Agreement; provided however, that the arbitral tribunal may not award damages in excess of compensatory damages, and the arbitral tribunal shall have no power to award punitive, exemplary, or similar damages with respect to any Dispute.

2

(f)    Any arbitration award shall be in writing, but shall state only the remedy provided, if any.  The arbitrators shall not state any reasons for the award or any findings of fact and conclusions of law on which the award may be based either in the award or in the record of the proceedings.  The award shall be final and binding upon the parties and shall be the sole and exclusive remedy between the parties regarding any claims, counterclaims, issues or accounting presented to the arbitral tribunal.  Judgment upon the award may be entered in any court having jurisdiction.

(g)    All Disputes shall be resolved in a confidential manner.  The arbitral tribunal and all of the parties shall agree to hold any information received during the arbitration in  strict confidence and shall not disclose or permit disclosure to any non-party or in any other proceeding (except to the minimal extent necessary, in a proceeding to enforce an arbitration award issued hereunder) the existence, contents or results of the arbitration or information about the evidence adduced or the documents produced by the other party except as may be required by law or a governmental authority.  Before making any disclosure permitted by the preceding sentence, the party intending to make such disclosure shall give the other party reasonable written notice of the intended disclosure and afford the other party a reasonable opportunity to protect its interests.

(h)    Any action in aid of arbitration, to compel arbitration or for provisional relief to prevent irreparable harm pending the appointment of the arbitral tribunal, shall be brought exclusively in the state courts located in Maryland, or any U.S. Federal District Court located in Maryland (the "Maryland Courts"), and each party unconditionally and irrevocably submits to the exclusive jurisdiction of the Maryland Courts for such purpose  Each party further unconditionally and irrevocably submits to the non-exclusive jurisdiction of the

3

Maryland Courts for the enforcement of any arbitral award issued hereunder. The parties hereby waive any objections which they may have now or in the future to such jurisdiction of the Maryland Courts, including without limitation objections by reason of lack of personal jurisdiction, improper venue, or inconvenient forum.

(i)    If any provision of this subdivision to arbitrate or the application of any such provision to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by an arbitral tribunal or a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof.

101234713.2

4