IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIOT WOLFF, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:06 CV 01234 (HHK) |
| ) | |
| WESTWOOD MANAGEMENT LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Plaintiffs' lengthy Opposition invites the Court to consider the underlying merits of a twenty-year dispute between the parties in determining whether to compel arbitration in this matter. It is well-settled, however, that on a motion to compel arbitration, the court need not and should not engage in such an analysis. *See Nelson v. Insignia/ESG, Inc.*, 215 F.Supp.2d 143, 146 (D.D.C.2002); *Nur v. K.F.C. USA, Inc.*, 142 F.Supp.2d 48, 50-51 (D.D.C.2001). Rather, given the judicial presumption favoring arbitration, the Court should limit its inquiry merely to the arbitrability of the dispute. *Id.* To determine this, a court should consider only 1) whether the parties entered into a valid and enforceable arbitration agreement, and 2) whether that arbitration agreement covers those issues in dispute. *Id.*

Although Defendants adhered strictly to the requirements of this test their Motion to Compel Arbitration, the Plaintiffs have filled their Opposition with a mountain of details regarding the twenty-year history of the parties' dispute. The Court, however, should disregard that history, including the merits of Plaintiffs' current claims, which comprise the bulk of Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration. The very purpose of an arbitration clause (and the policy behind the Federal Arbitration Act) is to spare the court the

burden of such analysis in cases where the parties have agreed to resolve certain disputes in an alternate forum. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987); *Brown v. Wheat First Securities, Inc.*, 257 F.3d 821, 825 (D.C.Cir.2001), cert. denied, 534 U.S. 1067 (2001); *Jung v. Ass'n of Am. Med. Colls.*, 300 F.Supp.2d 119, 144 (D.D.C.2004). Indeed, the presumption in favor of arbitration is highlighted by the fact that a decision to deny arbitration is immediately appealable while a decision to compel arbitration is not. *See* 9 U.S.C. § 16 (2006).

Although Plaintiffs' specific claims revolve around a couple of transactions executed in 2004, the origin of the dispute dates all the way back to 1984, when the Plaintiffs initially disagreed with how their property interests were treated upon dissolution of the DCJV. *See* Complaint at ¶ 24. Yet, rather than raise the issue then, Plaintiffs chose to sit mutely for the next twenty years while the Defendants managed the subject property interests to Plaintiffs' profit through a succession of different entities. Now that Plaintiffs claim that the treatment of their DCJV property interests was improper, including that the initial and subsequent transfers were unauthorized, Plaintiffs should be required to comply with the dispute-resolution mechanisms contained in the corresponding governing agreement.

The proper forum for the underlying dispute is arbitration as required by the DCJV partnership agreement. There is no dispute that the parties intended to be bound by the DCJV arbitration clause vis-à-vis the subject property interests. *See* Defendants' Memorandum at Exhibit 1, ¶ 15. Moreover, Plaintiffs do not dispute that the transfer of their property interests from DCJV to another entity constituted the type of "management" of their property interests contemplated by the DCJV arbitration provision. *Cf.* Plaintiffs' Opposition at 16-18.

Plaintiffs' Opposition essentially argues that because for the last 22 years they have taken a passive, dissenting position on how their property interest in the DCJV and its succeeding entities has been managed, they are somehow freed from the arbitration clause to which they agreed in the DCJV and from any of the corresponding arbitration clauses incorporated by its successors. In other words, Plaintiffs claim to have retained their property interest and other rights from the DCJV but have somehow exempted themselves from all the agreements that govern that interest.

To arrive at this contradictory position, Plaintiffs proffer inconsistent theories throughout their Opposition. For instance, to support their position that the arbitration clause no longer applies to them, they argue that "as established in the December 6, 1984 letter (Exhibit 2) the DCJV, along with its terms and obligations, was *extinguished*." See Plaintiffs' Opposition at 15 (emphasis added). In another section, however, to claim that still have some rights under the DCJV and to support an equitable estoppel argument they contend that "… the 1999 deed demonstrates that the DCJV *remained in existence* and continued to hold title to [Plaintiffs' interest]." See Plaintiffs' Opposition at 4 (emphasis added). Indeed, if any party should be estopped in this case, it should be the Plaintiffs … from complaining about the management of their property interest after mutely accepting hundreds of thousands of dollars in profits from Defendants over two decades. See, e.g., Role of Laches, 31 Williston on Contracts § 79:11 (4th ed.) (laches is an equitable defense that bars a claim if there is 1) an unreasonable delay by one party in asserting its right or remedy; and 2) prejudice to the other party as a result of the delay).

The remainder of the issues Plaintiffs raise – that local summary judgment procedural rules should apply to motions to compel arbitration and that the multi-million DCJV property holdings did not affect interstate commerce – are specious.

3

While it is true that the Court must apply a summary judgment analysis to a motion to compel arbitration, *see Hughes v. CACI, Inc.*, 384 F.Supp.2d 89, 92-93 (D.D.C.2005), there is no requirement in the Federal Arbitration Act or in the D.C. Circuit case law that a movant *must* draft its motion in accordance within the local summary judgment motion format requirements. Indeed, in the only case to Defendants found that tangentially mentions the issue, *Bangor Hydro-Electric Co. v. New England Tel. and Tel. Co.*, that court did not apply the procedural rule for summary judgment and refused to consider the Statement of Undisputed Material Facts that the defendant in that case submitted with its Motion to Compel arbitration. 62 F.Supp.2d 152, 154 n. 1 (D.Me.1999).

Similarly, Plaintiffs raise no genuine issue of material fact that a multi-million dollar office building located in the District of Columbia yet owned by entities domiciled and operating in Maryland sufficiently impacts interstate commerce for purposes of applying the Federal Arbitration Act.

For the foregoing reasons and those contained in Defendants' Motion to Compel Arbitration, Defendants respectfully request this Court enter an Order dismissing the instant case and compelling arbitration.

    Respectfully submitted,

    HOLLAND & KNIGHT, LLP

    _____
    Paul J. Kiernan (DC Bar # 385627)
    Rafael E. Alfonzo (DC Bar # 478524)
    2099 Pennsylvania Avenue, N.W., Suite 100
    Washington, D.C. 20006
    (202) 663-7276
    (202) 955-5564 – fax